**Exhibit B**

**Proposed Final Judgment**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>STRUDEL HOLDINGS LLC and<br>AVR AH LLC,<br>            Debtors[1]<br>AVR AH LLC; STRUDEL HOLDINGS LLC; CHARIF SOUKI; and KARIM SOUKI, CHRISTOPHER SOUKI, and LINA RIZZUTO, as Trustees of the SOUKI FAMILY 2016 TRUST.<br><br>            Plaintiffs,<br><br>v.<br><br>NINETEEN77 CAPITAL SOLUTIONS A LP; BERMUDEZ MUTUARI, LTD; WILMINGTON TRUST NATIONAL ASSOCIATION, and UBS O'CONNOR LLC,<br><br>            Defendants. | Chapter 11<br><br>Case No. 23-90757 (CML)<br><br>(Jointly Administered)<br><br>Adv. Pro. No. 23-09003 |

**[PROPOSED] FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)**

On consideration of Defendants' *Emergency Motion for Entry of a Partial Final Judgment Pursuant to FRCP 54(b)* (the "Motion"), this Court's April 1, 2024 *Memorandum Decision and Order* (Dkt. 133) (the "Decision") in the above-captioned adversary proceeding (the "Adversary Proceeding"), the findings of fact and conclusions of law contained therein, and the evidence presented at the Adversary Proceeding trial held before this Court on December 11, 12, 13, and 14, 2023 (the "Trial"); and the Court having determined that it has jurisdiction over the claims and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AVR AH LLC (0148) and Strudel Holdings LLC (5426). The Debtors' service address is: PO Box 4068, Aspen, CO 81612.

2

counterclaims under 28 U.S.C. § 1334 and that the Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), (H), (K), and (O), and that the Court has Constitutional authority to issue a final order; and the Court having found that a substantial controversy exists between the parties such that the Court has authority to issue final declaratory relief under the Declaratory Judgment Act; and due and proper notice of the Trial having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the evidence adduced at Trial; and this Court having determined that the legal and factual bases set forth at Trial have established an entitlement to relief and after due deliberation and sufficient cause appearing therefore,

  **IT IS HEREBY ORDERED THAT**

  1. Defendants/Counterclaim-Plaintiffs Nineteen77 Capital Solutions A LP, Bermudez Mutuari, Ltd. (together with Nineteen77 Capital Solutions A LP, "<u>Lenders</u>"), Wilmington Trust National Association (the "<u>Administrative Agent</u>"), and UBS Asset Management (Americas) LLC ("<u>UBS</u>" and together with Lenders and the Administrative Agent, the "<u>Secured Parties</u>") are entitled to judgment in their favor denying and dismissing with prejudice all claims asserted in this Adversary Proceeding by Plaintiffs/Counterclaim-Defendants AVR AH LLC ("<u>AVR</u>"), Strudel Holdings LLC ("<u>Strudel</u>" and together with AVR, the "<u>Debtors</u>"), Karim Souki, Christopher Souki, and Lina Rizzuto, as Trustees of the Souki Family 2016 Trust (the "<u>Trust</u>"), and Charif Souki in his individual capacity ("<u>Souki</u>"), and that all such claims are hereby DISMISSED WITH PREJUDICE;

  2. The Secured Parties are entitled to judgment in their favor on account of their counterclaims for breach of contract against Souki and the Debtors to the extent set forth herein;

3. Judgment is entered against Souki, Strudel, and AVR in the total amount of $92,748,038.17 (the "Judgment Amount") plus costs taxed against them and post-judgment interest thereon pursuant to 28 U.S.C. § 1961(a). The Debtors are jointly and severally liable for the Judgment Amount.

4. The Secured Parties' claims against the Trust and their rights to move for a final judgment against the Trust at a later date are expressly preserved and reserved. Nothing in this Final Judgment shall be construed as a waiver or relinquishment of the Secured Parties' claims and rights to move for entry of a final judgment against the Trust.

5. The Secured Parties' claims against the Debtors in the above-captioned bankruptcy cases (the "Bankruptcy Cases") are allowed in the amount of $82,447,838.92 (the Judgment Amount minus postpetition interest under the 2018 Loan) pursuant to section 502 of the Bankruptcy Code (the "Allowed Secured Claims").

6. The Allowed Secured Claims shall be senior in priority in all respects to the liens and claims of Ajax Holdings LLC, as DIP Lender, pursuant to the *Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Granting Liens and Superpriority Claims, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* entered at docket number 163 in the Bankruptcy Cases.

7. Defendants' counterclaims for breach of good faith and fair dealing, fraudulent transfer and aiding and abetting a fraudulent transfer in the Adversary Proceeding are hereby DISMISSED WITH PREJUDICE. To the extent that Defendants' fraudulent transfer counterclaims included causes of action held by Debtors, nothing herein shall prejudice the Debtors' rights or the rights of the Debtors' estates to assert such claims.

8. Upon this Judgment becoming final, the cash escrow posted by the Defendants to secure the purchase price for the Ranch shall be released to the Defendants pursuant to the *Order (A) Authorizing and Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests, (B) Approving the Purchase and Sale Agreement, (C) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief* filed at docket number 245 in the Bankruptcy Cases, the Purchase Agreement, and the related Escrow Agreement.

Houston, Texas
Dated: _____, 2024

_____
HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE